UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
FTEMA RAYSOR,

                        Plaintiff,                  **MEMORANDUM & ORDER**
                                                                  19-CV-6265 (PKC)(VMS)
           v.

CITY OF NEW YORK, POLICE OFFICERS
TROY ANN SAFI, SORELY NUNEZ, and
MICHAEL GARGANO,

                        Defendants.
---------------------------------------------------------------
PAMELA K. CHEN, United States District Judge:

      Plaintiff, proceeding *pro se*, files this action against the City of New York ("City") and Police Officers Safi, Nunez, and Gargano, alleging a violation of her Fourteenth Amendment rights and a federal criminal statute, 18 U.S.C. § 242. The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the Complaint, but grants Plaintiff thirty days to submit an Amended Complaint.

## BACKGROUND

      Plaintiff's statement of claim states in its entirety:

> November 2, 2017 at Brooklyn Borough Hall Loss of Liberty, confinement, serious personal and bodily injuries, mental anguish and emotional distress, and loss of earnings. As a result of the foregoing, Claimant has necessarily been caused out of pocket expenses including loss of earnings. (18 U.S.C. § 242) 14th Amendment, police brutality; misconduct, unreasonable search & seizure, sexual misconduct.

(Complaint, Dkt. 1, at 5.) Plaintiff's requested remedy is "one hundred million dollars for lost wages due to psychological disability expen[s]es." (*Id.* at 6.)

## STANDARD OF REVIEW

A pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, such a statement must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A district court shall also dismiss an *in forma pauperis* action if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"[A] *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," a court must grant the plaintiff leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

"When a complaint does not comply with the [Rule 8] requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has "repeatedly emphasized that Rule 8 reflects 'liberal pleading standards,' simply requiring plaintiffs to 'disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Riles v. Semple*, 763 F. App'x 32, 34 (2d Cir. Feb. 27, 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). However, the Second Circuit has noted that dismissal of claims is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

## DISCUSSION

As an initial matter, Plaintiff's claim under 18 U.S.C. § 242 is not cognizable, as federal criminal statutes do not afford private causes of action. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Regarding any civil causes of action, Plaintiff's Complaint does not satisfy Rule 8 and does not plead sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While Plaintiff lists several claims, such as police brutality and sexual misconduct, the Court is unable to identify the substance of these claims even with a liberal eye and broad construction. While the Complaint alleges that an incident occurred on November 2, 2017 at Brooklyn's Borough Hall, it fails to "disclose sufficient information to permit the defendant[s] 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is

a basis for recovery[.]'" *Kittay*, 230 F.3d at 541 (quoting *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)). Indeed, the Complaint is devoid of any factual allegations regarding what happened during the alleged incident on November 2, 2017 or who was involved in that incident. Because Plaintiff does not make any specific allegations against the named police officers or the City, the Complaint fails to provide fair or reasonable notice of the claims against Defendants. Thus, the Court dismisses Plaintiff's Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, to the extent Plaintiff seeks to raise a plausible § 1983 claim,[1] she is granted an opportunity to amend her Complaint. *See* Fed R. Civ. P. 15(a); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."). Plaintiff is granted thirty (30) days to file an Amended Complaint setting forth any plausible claims under 42 U.S.C. § 1983. At a minimum, Plaintiff should set forth factual allegations regarding the conduct or events that give rise to any § 1983 claim and the officers or other individuals involved in that conduct or those events.

---

[1] In order to maintain an action under § 1983, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *see also Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

## CONCLUSION

The Complaint in this action, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff chooses to file an Amended Complaint, she must do so within thirty (30) days of this Order. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 19-CV-6265 (PKC)(VMS). Plaintiff is advised that the Amended Complaint will replace her Complaint in its entirety. To aid Plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff.

If Plaintiff fails to submit an Amended Complaint within thirty days, or if the Amended Complaint does not comply with this Order, judgment dismissing this action shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

PAMELA K. CHEN
United States District Judge

Dated: November 20, 2019
       Brooklyn, New York