UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
FTEMA RAYSOR,

                  Plaintiff,

- against -

CITY OF NEW YORK; POLICE OFFICERS
TROY ANN SAFI, SORELY NUNEZ, and
MICHAEL GARGANO; POLICE OFFICERS
UNKNOWN; and KIESHA MUMPREY,

                  Defendants.
------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-6265 (PKC)(VMS)

PAMELA K. CHEN, United States District Judge:

Plaintiff, proceeding *pro se*, filed this action against the City of New York (the "City") and Police Officers Safi, Nunez, and Gargano, alleging a violation of her Fourteenth Amendment rights and a federal criminal statute, 18 U.S.C. § 242. By Order dated November 20, 2019, the Court dismissed Plaintiff's Complaint because it failed to state a plausible claim for relief, but granted Plaintiff an opportunity to amend her Complaint to raise a plausible § 1983 claim. Plaintiff now files an Amended Complaint that names two additional defendants, Kiesha Mumprey and "Police Officers Unknown." For the reasons set forth below, Plaintiff's Amended Complaint is dismissed for failure to state a plausible claim for relief. However, Plaintiff is granted one final opportunity to submit a second amended complaint.

## BACKGROUND

Plaintiff's statement of claim in her Complaint reads, in full:

> November 2, 2017 at Brooklyn Borough Hall Loss of Liberty, confinement, serious personal and bodily injuries, mental anguish and emotional distress, and loss of earnings. As a result of the foregoing, Claimant has necessarily been caused out of pocket expenses including loss of earnings. (18 U.S.C. § 242) 14th Amendment, police brutality; misconduct, unreasonable search & seizure, sexual misconduct.

(Complaint, Dkt. 1, at 5.) Plaintiff's requested remedy was "one hundred million dollars for lost wages due to psychological disability expen[s]es." (*Id.* at 6.) The Amended Complaint states that the events giving rise to her claim occurred at Brooklyn Borough Hall on November 2, 2017, at "approximately 9 a.m." The statement of the facts underlying her claim, in its entirety, reads:

> I was handled in result of mis conduct by defendant. This is the different element a tape is needed from result of mistrail with settlement offer and other witnesses and facts. Yes and identies not known based on not having access to evidence. Witness and stectnology which is being held based on mistrail.

(Amended Complaint, Dkt. 7, at 5 (all spelling and grammatical errors in original).) Plaintiff's requested remedy is "one hundred million for [royalties] from brand neglect due to action of event on November 2, 2017." (*Id.* at 6.)

## STANDARD OF REVIEW

A pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, such a statement must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A district court shall also dismiss an *in forma pauperis* action if the action: "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"[A] *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," a court must grant the plaintiff leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

"When a complaint does not comply with the [Rule 8] requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has "repeatedly emphasized that Rule 8 reflects 'liberal pleading standards,' simply requiring plaintiffs to 'disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Riles v. Semple*, 763 F. App'x 32, 34 (2d Cir. 2019) (summary order) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). However, the Second Circuit has noted that dismissal of claims is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

3

## DISCUSSION

Plaintiff's Amended Complaint, like her original Complaint, does not satisfy Rule 8 and does not plead sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While Plaintiff lists municipal employees as defendants and identifies a municipal building as the location where the events giving rise to her claim allegedly occurred, the Court is unable to discern the substance of these claims even with a liberal eye and broad construction. Despite alleging that an incident occurred on November 2, 2017, at Brooklyn's Borough Hall, the Amended Complaint still fails to "disclose sufficient information to permit the defendant[s] 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a basis for recovery.'" *Kittay*, 230 F.3d at 541 (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). Indeed, the Amended Complaint is devoid of any factual allegations regarding what happened during the alleged incident on November 2, 2017 or who was involved in that incident. Plaintiff suggests that she needs a "tape" and "other witnesses and facts," but, in order to bring a lawsuit and to comply with Rule 8, it is Plaintiff's obligation to provide the facts underlying her claim. Because Plaintiff does not make any specific allegations against the named and unnamed police officers, the Borough Hall employee, or the City, her Amended Complaint fails to provide fair or reasonable notice of the claims against Defendants. Thus, the Court dismisses Plaintiff's Amended Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, because Plaintiff is proceeding *pro se,* and in an abundance of caution given that Plaintiff has inartfully attempted to bring a claim regarding a violation of her "civil rights," she is granted one last opportunity to amend her Amended Complaint in order to raise a plausible § 1983

claim.[1] This is Plaintiff's final opportunity to comply with Rule 8. Plaintiff is granted thirty (30) days to file a Second Amended Complaint setting forth any plausible claims under 42 U.S.C. § 1983. At a minimum, Plaintiff should set forth factual allegations regarding the conduct or events that gave rise to any § 1983 claim, as well as the officers or other individuals involved in that conduct or those events.

## CONCLUSION

The Amended Complaint in this action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff chooses to file a Second Amended Complaint, she must do so within thirty (30) days of this Order. The Second Amended Complaint must be captioned "SECOND AMENDED COMPLAINT" and bear the same docket number as this Order: 19-CV-6265 (PKC) (VMS). Plaintiff is advised that the Second Amended Complaint will replace her prior complaints. To aid Plaintiff in this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff.

If Plaintiff fails to submit a Second Amended Complaint within thirty days, or if the Second Amended Complaint does not comply with this Order, judgment dismissing this action shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[1] In order to maintain an action under § 1983, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *see also Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citation omitted)).

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 30, 2020
       Brooklyn, New York