UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FTEMA RAYSOR,

                Plaintiff,              **MEMORANDUM & ORDER**
                                                                             19-CV-06265 (DG) (VMS)

      v.

THE CITY OF NEW YORK; POLICE OFFICER
TROY ANN SAFI; POLICE OFFICERS JOHN
DOE 1-4,

                Defendants.
------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On November 1, 2019, Plaintiff Ftema Raysor, appearing *pro se*, filed this action against the City of New York (the "City") and Officers Troy Ann Safi, Sorely Nunez, and Michael Gargano of the New York City Police Department ("NYPD").  Compl. at 1-3, ECF No. 1.  Subsequently, she amended her Complaint twice, substituting various defendants and tailoring her claims in response to this Court's prior orders.  Now before the Court is Plaintiff's Second Amended Complaint, filed December 29, 2020, bringing claims under 42 U.S.C. § 1983 ("Section 1983") against the City, Officer Safi, and "Police Officers John Doe 1-4."  Second Am. Compl. ("SAC") at 1-4, ECF No. 15.  Having reviewed the Second Amended Complaint, the Court dismisses Plaintiff's claims against the City and Police Officers John Doe 1-4.  The Second Amended Complaint may proceed against Officer Safi.

1

## BACKGROUND

### A. Procedural History

On November 1, 2019, Plaintiff filed this action against the City and Officers Safi, Nunez, and Gargano, alleging violations of her Fourteenth Amendment rights and a federal criminal statute, 18 U.S.C. § 242. Compl. at 1-4. By Order dated November 20, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed Plaintiff's Complaint because it failed to state a plausible claim for relief. ECF No. 4. Mindful of Plaintiff's *pro se* status, however, the Court granted Plaintiff an opportunity to amend her Complaint to raise a plausible claim under Section 1983. *Id.*[1] On January 24, 2020, Plaintiff submitted a First Amended Complaint naming two additional defendants, Kiesha Mumprey and "Police Officers Unknown." First Am. Compl. ("FAC") at 1, 3, ECF No. 7. By Order dated January 30, 2020, the Court dismissed Plaintiff's Amended Complaint for failure to state a plausible claim for relief but granted Plaintiff a final opportunity to amend her Complaint to raise a plausible Section 1983 claim. ECF No. 8. On December 29, 2020, Plaintiff timely filed this Second Amended Complaint.

### 1. The Original Complaint

Plaintiff's original Complaint alleged in support of her claims:

> November 2, 2017 at Brooklyn Borough Hall Loss of Liberty, Confinement, Serious Personal and Bodily injuries, mental

---

[1] In its November 20, 2019 Order, the Court expressly advised Plaintiff that "the Amended Complaint will replace her Complaint in its entirety." ECF. No. 4 at 5; *see also Arce v. Walker,* 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." (quoting *Int'l. Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977))).

2

> Anguish and emotional distress, and Loss of earning. As a result
> of the foregoing, Claimant has necessarily been caused out of
> pocket expenses including loss of earnings. (18 U.S.C. § 242) 14th
> Amendment, Police brutality; misconduct unreasonable Search &
> Seizure, Sexual misconduct.

Compl. at 5 (spelling and grammatical errors in original). Plaintiff sought "one hundred million dollars for lost wages due to psychological disability expen[s]es" as relief. *Id.* at 6.

### 2. The First Amended Complaint

Plaintiff's First Amended Complaint stated that the events giving rise to her claim occurred at Brooklyn Borough Hall on November 2, 2017 at approximately 9:00 a.m. FAC at 5. The First Amended Complaint further alleged:

> I was handled in result of mis conduct by defendant. This is the
> different element a tape is needed from result of mis trail with
> settlement offer and other witnesses and Facts. Yes and identies
> not known based on not having access to edvidence. Witness and
> tectnology which is being held based on mis trail.

*Id.* (spelling and grammatical errors in original). Plaintiff requested "one hundred million for [royalties] from brand neglect due to action of event on November 2, 2017." *Id.* at 6.

### 3. The Second Amended Complaint

In the operative Second Amended Complaint, Plaintiff alleges violations of her First, Fourth, and Fourteenth Amendment rights and asserts Section 1983 claims against the City, Officer Safi, and "Police Officers John Doe 1-4." SAC at 1-4, 6. Plaintiff alleges:

> The city of New York violated my 1st amendment under color of
> law by using the trespass statue to affect prior restraint on my right
> to tresp[ass] Police Officer Troy Ann Safi violated my 1st

3

>amendment rig[ht] under color of law by trespassing me for
>exercising my right. Police officers John Doe 1-4 (whose names &
>Sheild numbers unknown) violated my 1st amendment under color
>of law by using the trespass statue to affect prior restraint on my
>right to trepass. False Arrest deadly force unreasonable seizure

*Id.* at 4 (alterations added) (spelling and grammatical errors in original). Plaintiff alleges that her injuries include "damage to [her] hands, head, legs and back," that she "suffered from full body damage by defendant" "[d]uring the assault," and that "E[x]cessive Force Battery from defendant during unlawful detainment caused these injuries." *Id.* at 5. She requests "100 million in damages." *Id.*

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also, e.g.*, *Leybinsky v. Iannacone*, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true.").

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*,

4

*e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[2] To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Moreover, a plaintiff must allege the direct or personal involvement of each of the defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that

---

[2] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5

personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Although "Section 1983 claims are generally brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against government entities or agencies where those individuals are employed," *Vehap v. City of New York*, 2020 WL 208784, at *2 (E.D.N.Y. Jan. 14, 2020), municipalities and other local government bodies can be held liable under Section 1983 as well. However, "such entities may be held liable . . . only if their 'policy or custom . . . inflicts the injury.'" *Legg v. Ulster Cnty.*, 979 F.3d 101, 116 (2d Cir. 2020) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not 'suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Stratakos v. Nassau Cnty.*, 2016 WL 6902143, at *4 (E.D.N.Y. Nov. 23, 2016) (alteration in original) (quoting *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016)). Allegations that merely recite the elements of a municipal liability claim are, therefore, insufficient. *Williams v. City of New York*, 2020 WL 6899995, at *2 (E.D.N.Y. Nov. 23, 2020).

As set forth more fully below, Plaintiff's Second Amended Complaint, liberally read and with all factual allegations construed in Plaintiff's favor, fails to state a plausible claim for relief against the City and the John Doe Police Officers, and the Second Amended Complaint is dismissed as to those Defendants. The Second Amended Complaint does, however, plausibly allege that Officer Safi falsely arrested Plaintiff and used excessive force against her for

6

exercising her First Amendment rights at Brooklyn Borough Hall on November 2, 2017, and, at this juncture, the Second Amended Complaint will proceed against Officer Safi.

### A. City of New York

The Second Amended Complaint is devoid of any specific allegations that could support a municipal liability claim against the City. Plaintiff neither alleges facts to support or suggest the existence of a municipal policy or custom nor alleges the required "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see also, e.g.*, *Cotto v. City of New York*, 803 F. App'x 500, 504 (2d Cir. 2020) (allegations focused on "individual officers and isolated events leading to [the plaintiff's] stop, detention, and prosecution without plausibly alleging a custom or policy pursuant to which those violations occurred" did not support a claim for municipal liability); *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (affirming dismissal of a *Monell* claim and finding that the evidence fell far short of establishing a practice so persistent or widespread as to justify municipal liability where the plaintiff identified, "at most, only four examples" of constitutional violations). Accordingly, Plaintiff's Section 1983 claims against the City of New York are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Individual Defendants

#### 1. Officers John Doe 1-4

In the Second Amended Complaint, Plaintiff names as Defendants "Police Officers John Doe 1-4" and alleges that these unidentified officers violated her First Amendment rights "under color of law by using the trespass statu[t]e to affect prior restraint on [her] right to trespass,"

7

SAC at 4. The Second Amended Complaint – construed liberally – does not contain any factual allegation that would permit the Court to conclude that Plaintiff has properly stated a Section 1983 claim against any of these unidentified Defendants. Plaintiff has not connected any of her factual allegations to any unidentified individual Defendant.[3] Plaintiff's "naked assertion" that Police Officers John Doe 1-4 violated her First Amendment rights, "devoid of 'further factual enhancement,'" is insufficient to state a claim against them. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Lapoint v. Vasiloff*, 2016 WL 951566, at *5 (N.D.N.Y. Mar. 9, 2016) (explaining that courts have declined to recognize a basis for Section 1983 liability "where a complaint contains no information specific to the identities or actions of [] John Doe defendants"); *cf. Perez v. Ponte*, 236 F. Supp. 3d 590, 627 (E.D.N.Y. 2017) (permitting claims against unnamed officers to proceed because the plaintiff had "pleaded facts sufficient for the Court to infer that [the] officers could have [been involved in the alleged misconduct]"), *report and recommendation adopted*, 2017 WL 1050109 (E.D.N.Y. Mar. 15, 2017). Accordingly, Plaintiff's Section 1983 claims against these unnamed individual Defendants are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Although the Second Amended Complaint is now the operative Complaint, courts have considered earlier versions of complaints in cases involving *pro se* plaintiffs when assessing whether plausible Section 1983 claims have been alleged. *See, e.g.*, *Guy v. MTA New York City Transit*, 403 F. Supp. 3d 131, 133 (E.D.N.Y. 2017) ("Given Plaintiff's pro se status, however, the Court will consider both the Third Amended Complaint and First Amended Complaint together."); *James v. United States*, 48 F. Supp. 3d 58, 61 & n.3 (D.D.C. 2014) (looking to "what can be gleaned about the relevant events, both from the original complaint and the amended complaint" because plaintiff was proceeding *pro se*). Here, neither the original Complaint nor the First Amended Complaint – in which Police Officers John Doe 1-4 are not named as Defendants – contains any factual allegation that would support a Section 1983 claim against the unidentified Officers.

### 2. Officer Safi

The Second Amended Complaint alleges that "Police Officer Troy Ann Safi" violated Plaintiff's First Amendment rights "under color of law by trespassing [her] for exercising [her] right." SAC at 4. Construing the Second Amended Complaint liberally, as this Court must do given Plaintiff's *pro se* status, the Second Amended Complaint also alleges that Officer Safi committed an "assault" against Plaintiff and used excessive force against her. Specifically, Plaintiff alleges: "During the assault, the plaintiff suffered from full body damage by defendant. . . . E[x]cessive Force Battery from defendant during unlawful detainment caused [her] injuries." SAC at 6. Although Plaintiff does not use Officer Safi's name in these more specific allegations, her reference to "defendant" in the singular – in a Complaint in which only one individual Defendant is identified by name – supports construing the Second Amended Complaint in this manner.[4] The Second Amended Complaint makes out a plausible Section 1983 claim based on Plaintiff's claims of false arrest and excessive force against Officer Safi, and that Complaint may proceed as to him at this juncture.

## CONCLUSION

Plaintiff's Second Amended Complaint, filed *in forma pauperis*, is dismissed against the City and Police Officers John Doe 1-4. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to those Defendants, and the Court directs the Clerk of Court to amend the caption to reflect their dismissal.

The Second Amended Complaint will proceed against Officer Safi at this juncture. The

---

[4] Notably, Officer Safi is the only officer individually named by Plaintiff in each of her three Complaints.

Clerk of Court is directed to issue a summons as to Officer Troy Ann Safi at the New York City Police Department's 84th Precinct address provided by Plaintiff: 301 Gold Street, Brooklyn, New York 11201, and the United States Marshals Service is directed to serve the Summons and Second Amended Complaint on Officer Safi without prepayment of fees.  The Clerk of Court is further directed to send a copy of this Order and Plaintiff's Second Amended Complaint to the Corporation Counsel of the City of New York, Special Federal Litigation Division.

The case is referred to Magistrate Judge Vera M. Scanlon for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, as such, denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: January 21, 2021
        Brooklyn, New York