UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

FTEMA RAYSOR,                                    :
                                                 :
                             Plaintiff,          :
                                                 :          REPORT &
              -against-                          :          RECOMMENDATION
                                                 :
POLICE OFFICER TROY ANN SAFI,                    :          19-CV-6265 (DG)(MMH)
                                                 :
                             Defendant.          :
                                                 :
                                                 :
------------------------------------------------------------------x

**MARCIA M. HENRY**, United States Magistrate Judge:

In November 2019, *pro se* Plaintiff Ftema Raysor filed this action against the City of New York ("the City") and New York Police Department ("NYPD") Officers Troy Ann Safi, Sorely Nunez, and Michael Gargano, seeking damages related to her arrest on November 2, 2017. (*See generally* Compl., ECF No. 1.)[1] After the Court ordered several amendments to clarify claims and eliminate defendants, the Second Amended Complaint ("SAC") alleges that Safi falsely arrested Plaintiff and used excessive force against her, in violation of 42 U.S.C. § 1983. (*See generally* SAC, ECF No. 15.) Before the Court is Safi's motion to dismiss, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), based on the abstention doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*") and its progeny. (*See generally* Def.'s Mot., ECF No. 43.) For the reasons stated below, the Court respectfully recommends that Defendant's motion to dismiss should be **granted** and that this case should be dismissed without prejudice.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "Document ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

## I.  <u>BACKGROUND</u>[2]

The incident underlying the instant action is Plaintiff's arrest on November 2, 2017, at Brooklyn Borough Hall by NYPD officers.  (*See generally Compl.*, ECF No. 1.)  According to Plaintiff, the officers beat and assaulted her during the course of the arrest, causing injury.  (*Id.*)  Plaintiff subsequently filed actions in state and federal court against the City and individual NYPD officers, as described below.

### A.  State Court Procedural History

On October 24, 2018, Plaintiff, represented by counsel, initiated an action against the City, Safi, Police Officers John Doe 1–2, and Police Officer Jane Doe in New York Supreme Court, Kings County, captioned *Ftema Raysor v. City of New York, et al.*, Index No. 521486/2018 (the "State Action" or "*Raysor I*").  (Frank Decl. Ex. A, "State Action Complaint," ECF No. 45-1.)  Plaintiff amended her complaint on November 15, 2018 to add Nunez and Gargano as defendants. (Frank Decl. Ex. B ("State Amended Complaint"), ECF No. 45-2.)  The State Amended Complaint asserts causes of action for (1) assault and battery; (2) false imprisonment; (3) violations of Plaintiff's New York state constitutional rights, (4) violations of Plaintiff's Fourth and Fifth Amendment rights under the U.S. Constitution; (5) unlawful search and seizure under § 1983; (6) failure to intervene under § 1983; and (7) two causes of action related to negligent supervision as to the City in relation to Plaintiff's November 2, 2017 arrest.  (*See generally id.*)  After the defendants filed an amended answer to the State Amended Complaint, the parties engaged in motion practice, later resolved by stipulation, and exchanged initial discovery demands and

---

[2] The following facts are taken from the pleadings, the exhibits attached to Defendants' motion to dismiss, and state court records of which the Court may take judicial notice for the purpose of this motion under Rule 12(b)(1).  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

disclosures.  (*See* Frank Decl. Ex. C, ECF No. 45-3; Frank Decl. Ex. D, ECF No. 45-4; Frank Decl. Ex. E, ECF No. 45-5; *see also Raysor I* Docket.)

On December 13, 2019, Plaintiff filed a handwritten motion in *Raysor I*, seemingly *pro se*, seeking "justice for police misconduct, false arrest and legal malpractice with other illegal activity which occurred before," and to "assist on represention [*sic*] of myself[.]"  (Frank Decl. Ex. G, ECF No. 45-7 at 4.)  Subsequently, on May 14, 2021, Plaintiff's counsel filed a notice of charging lien for his incurred legal fees in connection with his representation of Plaintiff in *Raysor I*.  (Notice of Charging Lien, *Raysor I*, Dkt. No. 33.)  On November 3, 2021, Plaintiff advised the *Raysor I* court that she had substituted counsel.  (Consent to Change Attorney, *Raysor I*, Dkt. No. 34.)  Promptly thereafter, on November 5, 2021, Plaintiff's new counsel requested a preliminary conference to discuss discovery and related issues.  (Frank Decl. Ex. H, ECF No. 45-8.)

On November 29, 2021, the *Raysor I* court held a preliminary conference and issued a scheduling order setting discovery deadlines in the State Action.  (Frank Decl. Ex. F, "Case Scheduling Order – City Cases", ECF No. 45-6.)  The order directed the City to produce certain disclosures, directed the parties to complete depositions by April 1, 2022, and scheduled a court conference for October 2022.  (*Id.* at 2, 4, 6.)  Once the parties certify that discovery is complete, any summary judgment motions must be filed within 90 days.  (*Id.* at 6.)  To date, the parties have not filed any notice certifying that discovery in the State Action is closed.  (*See Raysor I* Docket.)

**B. Federal Court Procedural History**

Approximately one year after initiating *Raysor I*, Plaintiff, proceeding *pro se*, commenced the instant action on November 1, 2019 (the "Federal Action") against the City, Safi, Nunez, and Gargano, alleging violations of her Fourteenth Amendment rights and a federal criminal statute, 18 U.S.C. § 242.  (*See generally* Compl., ECF No. 1.)  On November 20, 2019, the Court issued a

*sua sponte* order dismissing the Complaint because the federal criminal statute does not confer a private right of action and because the Complaint failed to state a claim for relief. (Mem. & Order, ECF No. 4.) The Court allowed Plaintiff to file an amended complaint within 30 days of the order. (*Id.*)

Plaintiff filed her Amended Complaint on January 24, 2020, naming as additional defendants Kiesha Humprey and "Police Officers Unknown." (*See* Am. Compl., ECF No. 7.) The Court issued a second *sua sponte* order dismissing the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Mem. & Order, ECF No. 8.) The Court granted Plaintiff a final opportunity to amend the pleadings to raise a plausible § 1983 claim. (*Id.*)

After several extension requests, partly due to the COVID-19 pandemic and Plaintiff's efforts to retain counsel, she filed the SAC on December 29, 2020. (SAC, ECF No. 15.) In the SAC, Plaintiff alleges that the City, Safi, and Police Officers John Doe 1–4 violated her First, Fourth and Fourteenth Amendment rights in relation to her arrest, in violation of § 1983. (SAC, ECF No. 15 at 4.) She alleges that she suffered "damage to [her] hands, head, legs and back" and that "[d]uring the assault, [she] suffered from full body damage by defendant." (*Id.* at 5.) She seeks "100 million in damages" based on her "mental anguish and humiliation," noting that "Defendant's" conduct represents "willful & egregious violation of [her] 1st & 14th amendment [*sic*] rights. (Fourth Amendment rights as well in violation.)" (*Id.*) The Court *sua sponte* dismissed the claims against the City and Police Officers John Doe 1–4, but liberally construed the remaining allegations as plausible false arrest and excessive force claims against Safi. (Mem. & Order, ECF No. 16 at 7–9.) Safi was served with the SAC on March 25, 2021. (Executed

Summons, ECF No. 20.)  After several requests for extensions, Safi answered the SAC on September 27, 2021.  (Answer, ECF No. 29.)

The Court scheduled an initial conference for November 5, 2021.  (Scheduling Order, ECF No. 30.)  Defendant requested additional time to file a joint proposed discovery plan because defense counsel had recently learned of the pending State Action and was considering whether to seek *Colorado River* abstention.  (Def.'s Ltr., ECF No. 31.)  On November 24, 2021, Defendant requested leave to file a motion to dismiss and for the Court to stay discovery.  (Def.'s Ltr. Mot., ECF No. 36.)  The Court stayed discovery over Plaintiff's objections and set a briefing schedule for the motion to dismiss.  (Pl.'s Ltr., ECF No. 38; Dec. 3, 2021 Minute Entry & Order; Dec. 14, 2021 Order.)

### C. Defendant's Motion to Dismiss

Defendant filed the motion to dismiss on January 7, 2022.  (Def.'s Mot., ECF No. 43.) Subsequently, Plaintiff twice requested to reopen discovery.  (*See* Feb. 27, 2022 Ltr., ECF No. 51; Mar. 7, 2022 Ltr. Mot., ECF No. 53.)  At a status conference, the Court denied Plaintiff's request for discovery, directed Defendant to file supplemental briefing regarding available remedies in state and federal actions under § 1983, and permitted Plaintiff to supplement her opposition to the motion to dismiss.  (Apr. 14, 2022 Minute Entry & Order.)  Defendant filed the supplemental briefing on May 4, 2022, to which Plaintiff responded on May 26, 2022.  (Def.'s Supp. Ltr., ECF No. 55; Pl.'s Supp. Ltr., ECF No. 56.)

Defendant moves to dismiss the Federal Action under *Colorado River*, arguing that the State Action and Federal Action are parallel and that a balancing of the *Colorado River* factors

weighs in favor of abstention.  (*See generally* Def.'s Mem., ECF No. 46.)  In the alternative, Defendant seeks a stay of this action while the State Action is resolved.  (*Id.* at 17.)

 In response, Plaintiff appears to oppose abstention because the two actions are not parallel and asks the Court to allow the Federal Action to proceed in tandem with the State Action.  (*See* Mar. 7, 2022 Ltr. Mot., ECF No. 53 (requesting reconsideration of the denied motion for discovery and including arguments against abstention); Pl.'s Supp. Ltr., ECF No. 56.)

## II.  <u>LEGAL STANDARDS</u>

### A.  Rule 12(b)(1) Motion to Dismiss

"A motion to dismiss based on *Colorado River* is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure."  *Stahl York Ave. Co., LLC v. City of New York*, No. 14-CIV-7665 (ER), 2015 WL 2445071, at *7 (S.D.N.Y. May 21, 2015), *aff'd on other grounds*, 641 F. App'x 68 (2d Cir. 2016) (citing *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.* ("*First Keystone*"), 862 F. Supp. 2d 170, 181 n.11 (E.D.N.Y. 2012).  "When evaluating a motion to dismiss [under Rule 12(b)(1)], the court accepts all material factual allegations in the complaint as true but does not necessarily draw inferences from the complaint favorable to the plaintiff."  *Stahl York Ave. Co.*, 2015 WL 2445071, at *6 (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).  The Court may also consider evidence outside of the pleadings to resolve the disputed jurisdictional fact issues.  *Id.* (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) and *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

In addition, "[i]t is well established that the submissions of a *pro se* litigant" such as Plaintiff "must be construed liberally and interpreted to raise the strongest arguments that they

suggest." *McDonald v. Esposito*, No. 20-CV-828 (RPK)(RML), 2021 WL 1062259, at *2 (E.D.N.Y. Mar. 18, 2021) (quoting *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020)).

### B.  *Colorado River* Abstention

Generally, "federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colo. River Water Conservation Dist. v. United States* ("*Colo. River*"), 424 U.S. 800, 817 (1976)).  Thus, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction." *Colo. River*, 424 U.S. at 817 (internal citations omitted).

Despite the general rule, a federal court may abstain from exercising jurisdiction and stay or dismiss a case in certain "exceptional circumstances . . . when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." *Niagara Mohawk Power Corp.*, 673 F.3d at 100 (quoting *Colo. River*, 424 U.S. at 813, 817–18.)  Under the *Colorado River* abstention doctrine, a federal court "may stay or dismiss a party's claims only where (1) the relevant state and federal actions are 'parallel' and (2) an evaluation of a six-factor test weighs in favor of abstention." *First Keystone*, 862 F. Supp. 2d at 182.

Once a court determines that two actions are parallel, the court must consider the six factors set forth in *Colorado River*: "(1) whether the controversy involves a *res* over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one

forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." *First Keystone*, 862 F. Supp. at 185 (citing *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)). In addition to these factors, "courts conducting an abstention analysis have also found 'that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*.'" *Mazlin Trading Corp. v. WJ Holding Ltd.*, No. 19 CV 7652 (LTS), 2021 WL 1164127, at *6 (S.D.N.Y. Mar. 26, 2021) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)).

The Supreme Court cautioned, however, that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. "No single factor is necessarily decisive, and the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 158 (2d Cir. 2019) (citing *Vill. of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999)); *Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 375 (S.D.N.Y. 2020) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16). "The circumstances permitting dismissal are extremely limited, and the balance [must be] heavily weighted in favor of the exercise of jurisdiction." *First Keystone*, 862 F. Supp. 2d at 182 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16). For this reason, "the burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction." *Iacovacci*, 437 F. Supp. 3d at 375 (quoting *Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985)).

III.    **ANALYSIS**

  A.  **Parallel Proceedings**

  "In conducting a *Colorado River* analysis, courts are directed to make a threshold determination 'that the concurrent proceedings are parallel.'"  *Mochary v. Bergstein*, 42 F.4th 80, 85 (2d Cir. 2022) (quoting *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)).  "'Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum.'"  *Mochary*, 42 F.4th at 85 (quoting *Dittmer*, 146 F.3d at 118); *see also First Keystone,* 862 F. Supp. 2d at 182 ("In determining whether two actions are parallel for purposes of *Colorado River* abstention, the court may consider whether the actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested.").  However, "[p]erfect symmetry of parties and issues is not required" for two cases to be considered parallel.  *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014).  "Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case."  *Id.* (citing *In re Comverse Tech., Inc.*, No. 06-CV-1849 (NGG)(RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)); *see also Colony Ins. Co. v. Danica Grp., LLC*, No. 13-CV-1714 (RRM)(MDG), 2014 WL 4417353, at *5 (E.D.N.Y. Sept. 8, 2014) (quoting *First Keystone*, 862 F. Supp. 2d at 194)).

  Here, the State Action is parallel to the Federal Action, satisfying the threshold *Colorado River* inquiry.  *First*, both the State Action and Federal Action involve the same parties— specifically, Plaintiff and Safi.  Indeed, as Defendant correctly notes, the Complaint in the Federal Action initially named all the same defendants from the State Action until the Court dismissed the claims against all defendants except Safi.  (*Compare* State Amended Complaint, ECF No. 45-2 (alleging claims against the City, Safi, Nunez, and Gargano) *with* Compl., ECF No. 1 (same).)

While there are additional defendants in the State Action, "[c]omplete identity of parties . . . is not required" to establish parallelism under *Colorado River*. *First Keystone*, 862 F. Supp. 2d at 182 (quoting *GBA Contracting Corp. v. Fid. & Deposit Co.*, No. 00-CV-1333, 2001 WL 11060, at *1, (S.D.N.Y. Jan. 3, 2001)).

*Second*, both actions allege the same subject matter—to wit, Plaintiff alleges that Safi (and others) violated her constitutional rights and otherwise injured her in connection with her November 2, 2017 arrest.[3]  *See Iacovacci*, 437 F. Supp. 3d at 376 (finding parallel claims where, as here, "claims in concurrent state and federal proceedings contain similar factual overlap" and collecting cases).  In the Federal Action, Plaintiff asserts false arrest and excessive force claims under § 1983.  (SAC, ECF No. 15 at 4; *see also* Mem. & Order, ECF No. 16 (liberally construing the SAC).)  In the State Action, Plaintiff asserts unlawful search and failure to intervene claims under § 1983, due process claims under the Fourth and Fifth Amendments to the U.S. Constitution, violations of the New York State constitution, and common law assault and battery and false arrest/imprisonment claims.  (State Amended Complaint, ECF No. 45-2 ¶¶ 7–46.)  At least some of these claims are virtually identical.  *See Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) ("A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures . . . is substantially the same as a claim for false arrest under New York law."); *Posr v. Doherty*, 944 F.2d 91, 94 (2d Cir. 1991) (noting that "the essential elements" of § 1983 use of excessive force claims and state law assault and battery claims were "substantially identical"). As for the remaining claims, they need not be "perfectly coextensive" to find that the actions are parallel.  *Stahl York Ave. Co.*, 2015 WL 2445071, at *9.  Because the

---

[3] While the SAC does not state the date of Plaintiff's alleged assault, her original complaint specifies that she is seeking relief related to her November 2, 2017 arrest at Brooklyn Borough Hall.  (Mem. & Order, ECF No. 16 at 2.)

State Action and the Federal Action involve "substantially the same dispute," they are parallel for *Colorado River* purposes. *Pabco Const. Corp. v. Allegheny Millwork PBT*, No. 12-CIV-7713, 2013 WL 1499402, at *2 (S.D.N.Y. Apr. 10, 2013).

*Third*, Plaintiff seeks overlapping relief in both actions. In the State Action, Plaintiff seeks compensatory, exemplary and punitive damages. (State Amended Complaint, ECF No. 45-2 at 10.) In the Federal Action, liberally construed, Plaintiff seeks to recoup compensatory damages, as well as punitive damages related to her injuries and her pain and suffering. (*See* SAC at 5 ("I am seeking 100 million in damages. The basis for these claims is mental anguish & humiliation along with willful & egregious violation of my 1st & 14th amendment [*sic*] rights."); *see also* Mar. 7, 2022 Ltr. Mot., ECF No. 53 at 2–3 ("In both actions damages are claimed but bases [*sic*] on economic impact all damages have been upgraded and adjusted.").) Plaintiff argues that the relief is not overlapping because in the Federal Action she is seeking $100 million worth of damages, while she is only seeking $1 million in damages in the State Action. (Mar. 7, 2022 Ltr. Mot., ECF No. 53 at 6; Pl.'s Supp. Ltr., ECF No. 56 at 1.) However, "[i]t is not necessarily the relief sought that determines whether actions are parallel. Rather[,] it is whether the two action[s] involve the same issues." *Potente v. Cap. One, N.A.*, No. 16-CV-3570 (DRH)(AYS), 2018 WL 1882848, at *4 (E.D.N.Y. Apr. 19, 2018).

Accordingly, "because the [State Action] will determine and dispose of all of [Plaintiff's] claims in the Federal Action," the Court respectfully recommends a finding that the two actions are parallel. *First Keystone*, 862 F. Supp. 2d at 185.

## B. Analysis of *Colorado River* Factors

### 1. Control Over a Res

The first *Colorado River* factor is whether the actions involve a *res* over which one of the

courts has assumed jurisdiction.  As Defendant correctly concedes, there is no property at issue in either the State Action or the Federal Action, rendering the first factor facially neutral.  (Def.'s Mem., ECF No. 46 at 17.)  "Where a factor 'is facially neutral, that is a basis for retaining jurisdiction, not for yielding it.'" *Kaplan*, 919 F.3d at 158 (quoting *Niagara Mohawk Power Corp.*, 673 F.3d at 101); *First Keystone*, 862 F. Supp. 2d at 185.  Because this action does not involve jurisdiction over any property, the first factor weighs against abstention.  *Colony Ins. Co.*, 2014 WL 4417353, at *7 ("[T]he absence of a *res* points toward exercise of federal jurisdiction." (quoting *Vill. of Westfield*, 170 F.3d at 122)).

### 2.  Convenience of Federal Forum

The second factor is whether the federal forum is less inconvenient than the other for the parties.  "Inconvenience under this factor refers to the geographic location of the respective courthouses." *First Keystone*, 862 F. Supp. 2d at 185.  Where the federal court is "just as convenient" as the state court, this factor favors retention of jurisdiction. *Id.* (citing *Vill. of Westfield*, 170 F.3d at 122).  Here, the federal courthouse and the state courthouse are virtual "next-door neighbors" located with walking distance of each other. *Arkwright-Bos. Mfrs. Mut. Ins. Co.*, 762 F.2d at 210.  Accordingly, the second factor is neutral and weighs against abstention.  *First Keystone*, 862 F. Supp. 2d at 185.

### 3.  Avoidance of Piecemeal Litigation

The third *Colorado River* factor is whether staying or dismissing the federal action will avoid piecemeal litigation.  This factor is often described as "the most critical" in the abstention analysis because "duplicative litigation 'cause[s] friction between state and federal courts,' which should be avoided." *Pappas Harris Cap., LLC v. Bregal Partners, L.P.*, No. 20-CV-6911 (VEC), 2021 WL 3173429, at *11 (S.D.N.Y. July 27, 2021), *appeal dismissed*, No. 21-2086, 2021 WL

7162177 (2d Cir. Sept. 29, 2021) (quoting *Ash v. Alexander*, No. 99-CV-3820, 2000 WL 20704, at *3 (S.D.N.Y. Jan. 12, 2000)); *see also Stahl York Ave. Co.*, 2015 WL 2445071, at *10 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 1, 16).

"[T]he Supreme Court has held that [the] 'mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction.'" *Iacovacci*, 437 F. Supp. 3d at 377 (quoting *Vill. of Westfield*, 170 F.3d at 123). In fact, the Second Circuit has noted that:

> [T]he primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel. The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties.

*Woodford*, 239 F.3d at 524; *see also Mazlin Trading Corp.*, 2021 WL 1164127 at *5; *Pappas Harris Cap.*, 2021 WL 3173429, at *11 ("In this matter, both cases arise from the same facts, so resolution of any issue in either court may well breed additional litigation regarding claim and issue preclusion or risk inconsistent rulings.") (citations omitted); *Mazuma Holding Corp.*, 1 F. Supp. 3d at 26 ("Here, as the federal and state actions are based on the same underlying facts, there is some risk of an inconsistent result; this Court could make a determination on common issues which might not bind the parties named only in the state court action.") (citing *Dalzell Mgmt. Co., Inc. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 600 (S.D.N.Y. 2013)).

Similar risks of piecemeal litigation and inconsistent results are prevalent in this case. Defendant correctly notes that Nunez and Gargano are only named in the State Action, whereas Safi is a named defendant in both actions. (Def.'s Mem., ECF No. 46 at 14.) "Where 'the parties to the suits are not identical and thus not all bound by the judgment of any given court,' the problem

of piecemeal litigation is exacerbated by the risk of inconsistent results.'" *Shields v. Murdoch*, 891 F. Supp. 2d 567, 583 (S.D.N.Y. 2012) (quoting *American Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 658 (S.D.N.Y. 1997)). Because there are questions of law and fact germane to both actions, there is the potential for inconsistent mutually contradictory determinations for which additional time and resources will be required. For example, if one court decides that there was probable cause for Plaintiff's arrest, Plaintiff may be "collaterally estopped from relitigating that issue" in the other forum. Additionally, any decision in the State Action regarding Plaintiff's claims of false imprisonment or assault and battery could have preclusive effect on her claims in the Federal Action and could result in additional time and resources spent litigating the preclusion question. Moreover, in addition to the "waste of judicial resources" in requiring two separate courts to evaluate Safi's liability, requiring Safi to litigate substantially similar claims in both state and federal court would be a burden for her. *Colony Ins. Co.*, 2014 WL 4417353, at *7 (citing *Lefkowitz v. Bank of New York*, 676 F. Supp. 2d 229, 275 (S.D.N.Y.2009) *report and recommendation adopted* 676 F. Supp. 2d 229, 235 (S.D.N.Y. 2009) ("[T]here is plainly inconvenience in having to litigate actively in both state and federal courts at the same time.")).

In sum, "[a]bstention here would not only be a wise and efficient conservation of judicial resources, but it would also allow for the most efficient resolution for all parties involved in the underlying dispute[.]" *Mazlin Trading Corp.*, 2021 WL 1164127, at *5. For this reason, the Court finds that the third factor weighs heavily in favor of abstention.

### 4. *Order in Which Actions Were Filed*

The fourth *Colorado River* factor requires consideration of the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other. "This factor does not turn exclusively on the sequence in which the cases were filed, 'but rather in terms

of how much progress has been made in the two actions.'" *Vill. of Westfield*, 170 F.3d at 122 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21); *see also Woodford*, 239 F.3d at 525.  When substantial progress has been made in the state action, courts generally find that this weighs in favor of abstention.  *See, e.g.*, *Arkwright-Bos. Mfrs. Mut. Ins. Co.*, 762 F.2d at 211; *see also Ferolito v. Menashi*, 918 F. Supp. 2d 136, 143 (E.D.N.Y. 2013).

Here, the State Action has advanced substantially more than the Federal Action.  Plaintiff, through counsel, initiated the State Action in October 2018, and amended the State Action Complaint shortly thereafter.  The parties engaged in early motion practice, with Plaintiff seeking a default judgment and Defendants seeking to compel acceptance of their amended answer; the issue was resolved by stipulation.  (*See Raysor I* Docket; *see also* Frank Decl. Ex. E, ECF No. 45-5.)  Plaintiff responded to the defendants' discovery demands and, according to the scheduling order in the State Action, the parties were scheduled to complete depositions in April 2022.  (Frank Decl. Ex. D, ECF No. 45-4; Case Scheduling Order – City Cases, ECF No. 45-6 § 5(a).)  Furthermore, according to the order, the defendants in the State Action provided certain initial disclosures regarding Plaintiff's arrest.  (*Id.* at 4.)

By contrast, the Federal Action has not progressed and includes lengthy periods of inactivity and delay.  The Federal Action was filed in November 2019, but the SAC was not filed until December 2020, after Plaintiff requested multiple extensions due to personal hardships and the COVID-19 pandemic.  (*See* ECF Nos. 11–14 (Plaintiff's requests for extensions of time to file the SAC.)  As a result, Defendant was not served with the SAC until March 2021.  (ECF No. 20.)  Defendant answered the SAC in September 2021, after several extensions due to COVID-19 operational hardships, Plaintiff's resistance to providing routine authorizations for arrest records, resolution of Defendant's representation issues, and a change in defense counsel personnel.  (*See*

ECF Nos. 21, 23–25, 27 (defense letter requests for extensions).)  Moreover, the parties have not exchanged discovery because discovery was stayed pending resolution of the instant motion.  (*See* Dec. 3, 2021 Minute Entry & Order.) [4]

"[W]hen "[t]he federal suit, . . . like that in *Colorado River*, has not moved beyond the initial pleadings and the motion to dismiss . . . it hardly seems wise to permit plaintiff to start anew in federal court."  *See Pappas Harris Cap.*, 2021 WL 3173429, at *11; *see also First Keystone*, 862 F. Supp. 2d at 193.  Accordingly, the Court finds that the fourth factor weighs in favor of abstention.

### 5.  Governing Law

The fifth *Colorado River* factor looks to whether state or federal law supplies the rule of decision in the case.  "'When the applicable substantive law is federal, abstention is disfavored[.]'" *Niagara Mohawk Power Corp.*, 673 F.3d at 102 (quoting *Vill. of Westfield*, 170 F.3d at 122); *see Fernandez v. City of New York*, No. 17-CV-2431 (GHW)(SN), 2017 WL 2894144, at *4 (S.D.N.Y. July 7, 2017) ("'[T]he presence of federal law issues must always be a major consideration weighing against surrender [of jurisdiction].'") (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at

---

[4] Liberally construed, Plaintiff appears to argue that "Dual Sovereignty" always permits concurrent state and federal proceedings, regardless of which action was filed first.  (*See, e.g.*, Mar. 7, 2022 Ltr. Mot., ECF No. 53 at 3–4 ("my statement to claim jurisdiction is that sovereignty exists in this action.  Federal and state Governments are separated sovereign [*sic*].")); *id.* at 4–6 (citing cases she claims "have been in state and federal court").)  The dual sovereignty doctrine permits successive criminal prosecutions by the state and federal government for the same conduct.  *United States v. Castro*, 659 F. Supp. 2d 415, 418 (E.D.N.Y. 2009), *aff'd*, 411 F. App'x 415 (2d Cir. 2011) ("[U]nder the dual sovereignty doctrine, successive prosecutions by state and federal authorities for the same crime generally do not offend the Double Jeopardy Clause.")  Although the State Action and the Federal Action arose from Plaintiff's arrest, the dual sovereignty doctrine does not apply to Plaintiff's cases, which are *civil* actions seeking relief.

25).  In the Federal Action, Plaintiff is proceeding solely on § 1983 excessive force and false arrest claims under federal law.  Therefore, the fifth factor weighs heavily against abstention.

### 6.  Adequacy of State Procedures

The sixth *Colorado River* factor looks to "whether the state court proceeding will adequately protect the rights the plaintiffs are seeking to vindicate in the federal lawsuit."  *First Keystone*, 862 F. Supp. 2d at 193.  Generally, courts in this circuit find that a state court is an adequate forum where a plaintiff has access to the same remedies as in federal court and there is "no serious question that the state action can adequately protect [p]laintiff's procedural and substantive rights and provide a fair forum that will promptly resolve the parties' claims."  *Stahl York Ave. Co.*, 2015 WL 2445071, at *12; *see also Colony Ins. Co.*, 2014 WL 4417353, at *8; *Niagara Mohawk Power* Corp., 673 F.3d at 103; *First Keystone*, 862 F. Supp. 2d at 194.  But "'the adequacy of the state forum does not weigh heavily in favor of dismissal pursuant to *Colorado River*.'"  *Iacovacci*, 437 F. Supp. 3d at 379 (quoting *Dalzell Mgmt. Co.*, 923 F. Supp. 2d at 602).

Here, "there is no serious question of whether the state action can adequately protect Plaintiff's procedural and substantive rights and provide a fair forum that will promptly resolve her claims."  *Stahl York Ave. Co.*, 2015 WL 2445071, at *12.  *First*, as discussed above, in addition to standard compensatory damages, Plaintiff seeks punitive damages for her injuries (*see* SAC at 5), which are also available to her in state court.  *See Milliken v. Town of Cornwall*, 740 N.Y.S.2d 229, 229–30 (2d Dep't 2002) ("Punitive damages are available in a case brought pursuant to 42 [U.S.C.] § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.") (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  *Second*, in the Federal Action, Plaintiff may not recoup attorney's fees under 42 U.S.C. § 1988 as a *pro se* litigant.  *Azaryev v. City of New York*,

No. 21-CV-3856 (WFK)(LB), 2021 WL 3861722, at *2 (E.D.N.Y. Aug. 27, 2021) (citing *Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011)). By contrast, this remedy is available to her in the State Action, where she is represented by counsel. *See Ballard v. Gromack*, 2 N.Y.S.3d 775, 780 (N.Y. Sup. Ct. 2015) (quoting *Giaquinto v. Comm'r of New York State Dep't of Health*, 11 N.Y.3d 179, 191 (2008)). *Third*, the adequacy of the state forum is further evinced by Plaintiff's initial choice of that court to adjudicate both her state and federal claims, including allegations concerning state constitutional violations. *First Keystone*, 862 F. Supp. 2d at 192–93 (noting plaintiff's initial selection of state court for claims); *Mazlin*, 2021 WL 1164127, at *6 ("Petitioners have demonstrated their confidence in the state courts' abilities to adjudicate Petitioners' claims thoroughly and fairly" by filing suit in two different state courts).

Because there is no "doubt that the New York courts provide a fair alternative forum that is capable of resolving the [federal] constitutional issues," *Niagara Mohawk Power Corp.*, 673 F.3d at 103, the sixth factor weighs in favor of abstention.

### 7. Additional Factors

In addition to the six factors above, "'the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Mazlin Trading Corp.*, 2021 WL 1164127, at *6 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 17 n.20). For example, abstention may be appropriate "where the same party was the plaintiff in both the state and federal actions, and the plaintiff . . . filed the federal action after suffering some failures in the earlier state action." *First Keystone Consultants, Inc.*, 862 F. Supp. 2d at 194 (citing *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985)).

Defendant argues that "[t]he sequence of events in plaintiff's state and federal cases here shows that plaintiff has made reactive filings in both [the federal and state actions]." (Def.'s Mem., ECF No. 46 at 18.)  Specifically, Defendant argues that the sequence of events regarding the Court's *sua sponte* dismissal of Plaintiff's Complaint and Amended Complaint in the Federal Action and a motion Plaintiff subsequently filed *pro se* in state court "evince the reactive nature of plaintiff's litigation and support a finding that abstention is appropriate here." (*Id.*)  Defendant posits that Plaintiff filed the Federal Action following a dispute with her original attorney in the State Action.  (*Id.*)

The Court is not persuaded that Plaintiff's parallel lawsuits evince any reactive or vexatious nature.  *Cf. First Keystone*, 862 F. Supp. 2d at 195 (finding that parties' "willingness to commence and dismiss lawsuits for strategic purposes" is "vexatious"); *Colony Ins. Co.*, 2014 WL 4417353, at *8 (finding federal action "reactive" where Plaintiff filed the complaint two days after a "suboptimal result in state court").  Defendant has not provided any support for this assertion that a dispute between Plaintiff and her original attorney in the State Action prompted her to file the Federal Action.  Defendant also has not pointed to a setback in the State Action that precipitated the Federal Action.  In fact, the Federal Action was filed in November 2019, nearly two years before Plaintiff changed counsel in the State Action in November 2021.  (*See* Consent to Change Attorney, *Raysor I*, Dkt. No. 34.)[5]  Thus, there is no "reactive or vexatious" nature in the State Action or the Federal Action sufficient to influence the Court's consideration of whether abstention is warranted.

---

[5] Plainitif's new counsel in the State Action entered an appearance on her behalf in May 2019, but Plaintiff did not formally consent to substitution until November 2021.  (*See* Notice of Appearance (Post-RJI), *Raysor I*, Dkt. No. 29.)

### C. Balancing the Factors

In sum, the third, fourth, and sixth *Colorado River* factors—avoiding piecemeal litigation, the order in which the actions were filed, and whether state procedures can adequately protect Plaintiff's federal rights—weigh in favor of abstention.  The first, second, and fifth factors—control over a *res*, inconvenience of the forum, and the governing law—weigh against abstention. However, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

After carefully considering the relevant factors in this analysis, the Court finds that "[d]espite the strong presumption against surrendering federal jurisdiction, the *Colorado River* factors demonstrate that this is an extraordinary case in which the interests of 'conservation of judicial resources and comprehensive disposition of litigation' weigh heavily in favor of abstention."  *First Keystone*, 862 F. Supp. 2d at 195 (quoting *Colo. River*, 424 U.S. at 817)). Together, all three factors in favor of abstention weigh heavily in the balancing analysis.  The risk of piecemeal litigation (the third factor) is substantial because there are more defendants and claims (including state claims) in the State Action than the Federal Action.  The substantial progress in the State Action relative to the Federal Action (the fourth factor) further exacerbates the risk of piecemeal litigation and inconsistent results portended by the third factor.  And Plaintiff may pursue her § 1983 claims in the State Action, making the adequacy of the state court procedures (the sixth factor) favor abstention.  By contrast, the three factors that disfavor abstention are relatively less weighty in the balancing analysis.  Control over a *res* and inconvenience of the forum, the first and second factors, are not applicable and therefore are neutral.  As to the fifth

factor, the federal rule of decision in the Federal Action (only ascertained after liberally construing *pro se* Plaintiff's allegations) is outweighed by the remaining factors in favor of abstention.

Accordingly, the Court respectfully recommends that the instant action should be dismissed.  The Court further recommends that the dismissal should be without prejudice because "when a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'"  *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (citing *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)); *see also Potente*, 2018 WL 1882848, at *7 (dismissing without prejudice pursuant to *Colorado River* abstention); *Colony Ins. Co.*, 2014 WL 4417353, at *8 (same).

### D.  Stay or Dismissal

In the alternative, Defendant requests a stay of the Federal Action pending resolution of the State Action.  (Def.'s Mem., ECF No. 46 at 17 (citing *Sun v. City of New York*, No. 07-CV-4868 (RJD)(LB), 2009 WL 763495, at *1 (E.D.N.Y. Mar. 23, 2009)).)  "The decision whether to stay or dismiss a federal suit under the *Colorado River* doctrine is committed to the discretion of the district court."  *Pappas Harris Cap.*, 2021 WL 3173429, at *12 (citing *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986)).  However, as the Supreme Court has directed, a stay under *Colorado River* is akin to a dismissal because it means that the court has decided to abstain from exercising jurisdiction.  *See Moses H. Cone Mem'l Hosp.*, 460 U.S. 1 at 28 ("[A] stay is as much a refusal to exercise federal jurisdiction as a dismissal."); *accord Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 77 (2d Cir. 1996) ("There is no difference between a stay and a dismissal for purposes of the *Colorado River* doctrine.") (citing *Bethlehem Contracting Co.*, 800 F.2d at 327 n.1).  This is because "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part

21

of the case, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1 at 28.  As such, for the purposes of *Colorado River*, there is no distinction between a stay and a dismissal. *First Keystone*, 862 F. Supp. 2d at 195 n.16; *see also Gustavia Home, LLC v. FV-1, Inc.*, No. 18-CV-6800 (FB)(SJB), 2020 WL 927579, at *1 (E.D.N.Y. Feb. 26, 2020), *appeal dismissed* (July 9, 2020).

"Given the substantial overlap between the state and federal actions, the Court is confident that it will have 'nothing further to do'. . . once the state court action is resolved." *Pappas Harris Cap.*, 2021 WL 3173429, at *12 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). Accordingly, the Court respectfully recommends that a dismissal—and not a stay—is appropriate.[6]

## IV.    **CONCLUSION**

Based on the foregoing, the Court respectfully recommends that Defendant's motion to dismiss at ECF No. 43 should be **granted** and that the case should be dismissed without prejudice.

Within 14 days, any party may serve and file objections to this report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

---

[6] In addition, *Sun*, the sole case cited by Defendant, is distinguishable on its facts.  There, the plaintiff filed three state court actions before filing her federal claims under § 1983, and the state court dismissed the first of the three actions.  *Sun*, 2009 WL 763495 at *1.  After defendants moved to dismiss the federal claims based on the state court's dismissal, the state appellate court reversed the state trial court's order of dismissal and remanded for further proceedings.  *Id.*  The *Sun* Court cited "a premature motion for dismissal based on a stale court order that was subsequently vacated in the course of ongoing litigation in the state courts" as "the kind of duplicative, piecemeal and contradictory judgments that abstention is designed to avoid," but also noted that the stay was warranted pending resolution of plaintiff's first two state court actions.  *Id.* at *2–3.  No such complexity exists here, where there is one state action for which there has been no adjudication on the merits and where the federal claims are subsumed in the state claims.

**SO ORDERED.**

Brooklyn, New York
August 30, 2022

/s/ Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge